John W. Sweeny, J.
This proceeding brought pursuant to article 78 of the CPLR challenges the statutory authority and jurisdiction of the Public Employment Relations Board (PERB) to entertain and act upon an improper practice charge by which the respondents allege that the petitioner, school district, dismissed a probationary teacher, the president of the Port Jervis Teacher’s Association, solely because of his 11 leadership ’’ in the activities of the Port Jervis Teacher’s Association in violation of article 14 of the Civil Service Law (Taylor Law).
In April, 1971, John Alfano, was a nontenured teacher employed by the petitioner. Upon the recommendation of the petitioner’s District Superintendent he was not granted tenure by the Board of Education and his employment was terminated *1066 on June 30, 1971. Thereafter an “ improper practice charge ” was filed on his behalf with PERB upon the ground that petitioner had improperly dismissed the teacher for the sole reason of his leadership in the activities of the Teacher’s Association. Thereupon petitioner commenced this proceeding seeking a judgment declaring that PERB does not have jurisdiction to entertain the improper practice charge and for an injunction permanently restraining PERB from considering the charge.
While a Board of Education may have broad discretion in the area of employment of teachers, it is not an unlimited power particularly when there are statutory and constitutional rights involved. The Legislature by enacting the Taylor Law (Civil Service Law, art. 14) created a new statutory right for public employees to engage freely in employees’ organizations and prohibited school boards, among other public employers, from discriminating against a teacher for the purpose of obstructing this right.
The Fourth Department in Board of Educ., Cent. School Dist. No. 1 of Town of Grand Island v. Helsby (37 A D 2d 493) a case precisely in point, recognized that this legislatively declared right of public employees to participate in teacher’s associations was consonant with the right guaranteed by the First and Fourteenth Amendments to freedom of speech and association (Shelton v. Tucker, 364 U. S. 479) and that any public employment, including academic employment should not be subject to the surrender of the right of association (Keyishian v. Board of Regents, 385 U. S. 589, 605).
“In the face of the clear public policy of this State as set forth in that enactment [the Taylor Law], a school board may not discriminate against teachers for exercising their right to belong to or participate in a teachers’ union.” (Matter of Tischler v. Board of Educ. of Monroe Woodbury Cent. School Dist., 37 A D 2d 261, 264). It is unconscionable to permit a Board of Education to ‘ ‘ weed out ’ ’ union activists before they reach tenure. ‘‘ It was the intention of the Taylor Law to provide that PERB should exercise State-wide jurisdiction over improper labor practices in all sectors of public employment ” (Board of Educ., Cent. School Dist. No. 1 of Town of Grand Island v. Helsby, supra, p. 496). PERB does have jurisdiction, ‘ ‘ exclusive nondelegable jurisdiction, ’ ’ to establish procedures for the prevention of the alleged action of the petitioning board (Civil Service Law, § 205, subd. 5, par. [d]; Matter of Tischler, supra). Any contrary authority predates the Taylor Law and *1067 therefore must fall in the light of the legislatively declared rights of that enactment.
Any procedure permitting a school board to dismiss a teacher in retaliation for union activity would frustrate the objectives of the Taylor Law. ‘ ‘ A contrary view might well permit dismissals for union activities prior to reaching tenure status and thus effectively discourage constitutionally protected rights.” (Board of Fduc., Cent. School Dist. No. 1 of Town of Grand Island, supra, p. 497).
The merits of the Teacher’s Association’s improper practice charge in question are not before the court but the court is satisfied that the constitutional right of teachers to participate in union activities must be protected and that PERB is the administrative board provided by the Legislature with jurisdiction to hear this alleged violation of the Taylor Law.
As the Second Department stressed in Matter of Tischler (supra), this decision is not to be understood as holding that union activity provides a shelter for a teacher when the board decides not to retain a teacher for a bona fide, legitimate reason.
The petitioner’s application for relief is therefore denied and the petition is dismissed.